# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1955
_____

United States of America

*Plaintiff - Appellee*

v.

Beverly Joan DeRonde

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: December 20, 2013
Filed: January 24, 2014
[Unpublished]

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Beverly Joan DeRonde appeals the imposition by the district court[1] of a sentencing enhancement for use of sophisticated means. We affirm.

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

Over a period of more than seven years, DeRonde employed false pretenses to borrow in excess of a million dollars from more than sixty individuals. DeRonde typically approached individuals either in person or by mail. She would ask to borrow money, offering various fraudulent reasons for seeking the loan, often along with a promise to repay the loan with a high rate of interest. When an individual agreed to lend her money, DeRonde typically asked the lender to keep the arrangement secret and gave the lender postdated checks for the amount of the loan and interest. DeRonde would then contact each lender before the loan came due, offering fraudulent excuses for not making payments as promised, asking for more time, or, in some cases, asking for an additional loan. DeRonde used most of the borrowed money to purchase various luxury items. She used some of the money, however, to pay down or, in some cases, pay off loans to lenders who were demanding payment. In cases of the latter, DeRonde then often asked the lender for a new loan. When the scheme finally collapsed, DeRonde still had outstanding loans in the aggregate sum of $680,376.92.

Pursuant to a plea agreement, DeRonde pleaded guilty to one count of mail fraud. At sentencing, the district court imposed a two-level enhancement for use of sophisticated means pursuant to United States Sentencing Guidelines Manual (U.S.S.G.) § 2B1.1(b)(10)(C). Ultimately, the district court sentenced DeRonde to forty-eight months of incarceration and ordered her to pay restitution. DeRonde now appeals the imposition of the enhancement.

As an initial matter, an intra-circuit split exists regarding whether we review the determination that the acts constituting the scheme were "sophisticated" de novo or for clear error. See United States v. Jenkins, 578 F.3d 745, 751 (8th Cir. 2009) (describing the split of authority). Because we conclude the enhancement was warranted even under the less deferential de novo standard, however, we need not reach the issue of what the proper standard of review is in this case. See id.

In pertinent part, the commentary to U.S.S.G. § 2B1.1(b)(10)(C) describes "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution *or concealment* of an offense." U.S.S.G. § 2B1.1(b)(10)(C) cmt. n.8 (2012) (emphasis added). We have further held that "[e]ven if any single step is not complicated, repetitive and coordinated conduct can amount to a sophisticated scheme." United States v. Fiorito, 640 F.3d 338, 351 (8th Cir. 2011) (quoting United States v. Bistrup, 449 F.3d 873, 882 (8th Cir. 2006))

We have previously found a perpetrator's repeated, coordinated fraudulent representations and shifting money between victims in an effort to perpetuate and conceal a long-term scheme as sufficiently complex to warrant the imposition of the enhancement. See Bistrup, 449 F.3d at 882 (noting the complexities involved in perpetuating a fraudulent investment scheme over five years through repeated lies and money-shifting). The same result is warranted here.

We therefore affirm.

_____